23, 9, 12, Starr Indemnity v. Exist. Mr. O'Malley, whenever you're ready. May it please the court. Good morning, Your Honors. Kevin O'Malley, Nicoletti, Hornigan, Sweeney for Appellant Starr Indemnity & Liability Company. The decision below must be reversed because an affirmance will endorse, if not establish, a bright-line rule that will have effect beyond the facts and circumstances of this case. The rule would preclude a first-party insurer's right to seek declaratory judgment against its insurer in almost all cases. Although this case was decided on a Rule 12b-6 standard, it goes beyond the facts and circumstances of this case and creates a new standard. First, the decision holds that an insurer, particularly a first-party insurer, may not file a, excuse me, may not decline coverage through the filing of a declaratory judgment complaint. This is contrary to this court's instructions and ruling in Employers Insurance Wausau v. Fox Entertainment Group, which, although that is a liability policy case, it notably cites Atlantic Mutual Insurance Company v. Balfour McLean International Limited, which is a first-party marine insurance case such as the policy that's in this action. This view of the court that an insurer may not decline through the filing of a declaratory judgment complaint is based on the view that it is the insurer's quote, prerogative to choose whether, when, and where to sue. And that concept is repeated throughout the decision in various terms. There is no authority for this, and it is contrary again... Leaving aside that, what you're saying now, it appears to me that the judge used, considered all of the factors that would come into play in making a discretionary decision, or most of them, anyway, in a discretionary decision to dismiss. And do you want to address those? Because it could either be kind of a discretionary dismissal, and if this court were to look at it as a discretionary dismissal, why would the use of those factors, the application of those factors, be important? Certainly, Your Honor. But first, we don't believe the district court clearly articulated that it was exercising its discretion, but if it is read that way... No, I know that. If it is read that way, we believe there was abusive discretion. If we were to send it back and say, exercise your discretion, we'd basically get the same thing from it, I think. And we would submit that it would still be error. And the reason is because the district court addressed essentially two factors. First, would the declaratory judgment action be of use? Would it be useful? And the second is, would it terminate the dispute? We submit that the declaratory judgment action would be useful for a variety of reasons. First, an insurance coverage dispute is a prime example of the use of declaratory judgment action. There are several cases that stand for the proposition that a D.J. action is proper to declare the rights and obligations of the parties under an insurance contract. Very often, that's true, if the case has ongoing damages that could occur in the future. But that's not the situation here. The damages can be ascertained from the two shipments and it's all in the past. So doesn't that lessen the advantages of declaratory judgment? No, Your Honor. And we would point to the case in Luckenbach Steamship Corporation v. United States, which although not an insurance case, was a dispute under a contract. The declaratory judgment plaintiff filed seeking a declaration that was not liable to its counterparty under the contract for a charter party that was already breached. And in that case, the court said that the declaratory judgment act was intended to grant relief. And that is the declaratory judgment plaintiff sought a declaration. It was useful whether it could write off the claim or pay the claim, avoid the potential accrual of interest. We would also suggest another useful advantage here is that an insurance company, a declaratory judgment plaintiff, should not have to wait out the insured's claim for a six year statute of limitations procedure. Six year statute of limitations. The district court here said, what is the harm to the insurer if I dismiss this action and if the insured files a suit, it files suit. But the harm there is it could take up to six years. And why should the insurance company have to wait that six years? It has a reserve that is carrying, a monetary reserve on its books. There is a case that is pending in the District of Florida, right? Yes, Your Honor. And what's the status of that? That is in the very beginning stages of discovery. I believe a case management order was just entered at the end of December. And a motion to transfer venue here was denied? It was, Your Honor. But there's actually, it's not as bad as it seems to my client. And the reason for that is because perhaps you're questioning, if you reverse, what would happen? Because you would send it back down to the district court, but then there would be two pending actions. One in Florida, one in New York. We submit that there would be motion practice that would result in the New York action proceeding over the Florida action, whether by stay of the Florida action or dismissal of the Florida action. And that's because of the first file rule. Do you agree, though, that the district court has discretion in certain circumstances to decline exercise of jurisdiction under the Declaratory Judgment Act? Absolutely, Your Honor. Why wouldn't that kick in once there's a affirming action against you by the insurer? Very well, because of the employer insurance of Wausau case. That is a first file case. And the court says that it is proper for an insurance company to choose the form except when there is a balance of conveniences or special circumstances. No, it's when you serve a declaratory judgment, they counter-claim for damages in a typical case. Or you sue for declaratory judgment and then they go into the courthouse and bring a separate action. I agree with you that two parallel actions doesn't make sense. Two actions, simultaneous actions doesn't make sense. But why wouldn't it just be appropriate at that point to dismiss the declaratory judgment action and rely on the second action? You can bring a declaratory judgment, but you're worried about waiting for six years. But one would think that once you bring a declaratory judgment action, that might cause the other side to bring their direct action. And then under those circumstances, you're not waiting six years. You've got their action going. And so your action is sort of beside the point. I'll respond in two ways. First, the insurance... No, it's actually not. The first is the insurance should be awarded for an avoidance decision in New York. So the answer shouldn't be, well, if there's error in New York, the result should be, well, there's already one in Florida. Let's just go with that. No, the error should be corrected and it should work out through the normal channels, which does bring us to the first file rule. And back to you, Your Honor, Judge Carney, that's why I say that the transfer decision of Florida is actually not detrimental to my client. Because of the nine factors, it found that five are neutral, two slightly favored transfer, and two favored keeping it in Florida. We submit that on the balance of convenience test under the first file rule, that would mean Starwood prevail on the first file rule. What harm would come from a rule that required a denial according to the terms of the policy rather than filing a declaratory judgment action in court? So there is no policy provision that requires a denial under a certain procedure. Just thinking back to the insurance policies I hold and I expect to receive correspondence from my company if I have made a claim rather than to be sued in a declaratory judgment action if I've made a claim. Certainly. And although the merits and the facts aren't here, we would represent that there was communication back and forth between the insurance cupboard and the insured, and certainly the first notice of potential issues under the policy was not the declaratory judgment complaint. I guess the record doesn't contain this, but you're implying that there was a denial before, because the courts seem to say that the denial, if the insurer may deny coverage through the initiation of a lawsuit, as plaintiff did here, so that's what I said, the denial was for the first time communicated through the complaint. What I was saying was that there were communications between the insurance company and the insured before the denial such that it was not a surprise. A claim was made, yes. Certainly. Thank you, counsel. We have the argument and we'll take the case under advisement.